IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| KENNEY LEE MATHESON, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO. 04-00226-CG-B |
| | ) | |
| v. | ) | |
| | ) | CRIM. ACTION NO. 02-00161-CG-M |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

This matter is before the Court on what Petitioner Kenney Lee Matheson has styled as a "Motion Challenging a Defect in the Integrity of the Federal Proceedings of Adjudicating Petitioner's 2255 Challenge of the Conspiracy." (Doc. 243.) Upon consideration of Petitioner's motion, the Government's responsive motion to dismiss, (Doc. 256), and Petitioner's response thereto, (Doc. 257), Petitioner's motion is **DENIED**, and the Government's motion is **GRANTED**.

## RELEVANT PROCEDURAL HISTORY

On December 20, 2002, a jury found Petitioner guilty of conspiracy to possess with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 846 (Count 1); possession with intent to distribute 100 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 3); and using, carrying and possessing firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924 (c) (Count 5). (Doc. 56.) Days after this Court imposed a sentence

1

of 322 months imprisonment, Petitioner filed a notice of appeal. (Doc. 72.) Without argument, the Eleventh Circuit affirmed this Court's judgment. (Doc. 101).

On April 13, 2004, pursuant to 28 U.S.C. § 2255, Petitioner filed a pro se habeas petition. (Doc. 102.) This Court denied the petition on September 29, 2004. (Doc. 126.) This Court and the Eleventh Circuit subsequently denied Petitioner's motions for certificates of appealability. (Docs. 138, 140, 143.) Invoking Rule 60(b) of the Federal Rules of Civil Procedure, Petitioner now seeks relief from this Court's nearly eight-year-old final order.

## LEGAL STANDARD

"Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007) (per curiam). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "foreclose[s] application of [Rule 60] where it would be inconsistent with the restrictions imposed on successive petitions by the AEDPA." Id. "[A] Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) 'seeks to add a new ground of relief;' or (2) 'attacks the federal court's previous resolution of a claim on the merits.'" Id. at 1293-94 (quoting Gonzalez v. Crosby, 545 U.S. 524, 532 (2005)).

To avoid AEDPA's bar on second or successive petitions, a Rule 60(b) motion must "attack[] a defect in the integrity of the federal habeas proceedings, such as fraud upon the federal court that led to the denial of the original habeas petition." United States v. Winston, 346 F. App'x 520, 522 (11th Cir. 2009) (per curiam) (citing

Gonzalez, 545 U.S. at 532). If a petitioner attempts to relitigate previous claims that are, in substance, part of a successive petition, the petitioner must move the court of appeals for an order allowing the district court to consider a successive habeas petition. See Williams, 510 F.3d at 1294-95. Absent such an order, the district court lacks subject-matter jurisdiction to consider any successive petition. Id.

## ANALYSIS

Stripped of its pretense, Petitioner's motion attacks this Court's nearly decade-old finding that the evidence offered at trial and in support of Petitioner's habeas petition failed to prove that Petitioner's lone co-conspirator was a government informant. (Doc. 126 at 4-5.) In order to avoid both the jurisdictional limitation imposed by AEDPA and the requirement that a Rule 60(b) motion be made within a reasonable time, see Fed. R. Civ. P. 60(c)(1), Petitioner alleges not only that the Court erred, but that the Government "perpetrated a fraud on the court by the presentation of misrepresentation of [sic] the facts" (Doc. 257 at 4). However, Petitioner has failed to support his allegation of Government misconduct with any evidence; he merely argues that the Court's decision was incorrect. Whereas Petitioner's contentions "lead inexorably to a merits-based attack" on the Court's prior ruling concerning one of his habeas claims, his motion must be and is construed as a second or successive Section 2255 motion as to which this Court lacks subject-matter jurisdiction. See Franqui v. Florida, 638 F.3d 1368, 1374 n.9 (11th Cir. 2011) (quoting Post v. Bradshaw, 422 F.3d 419, 424-25 (6th Cir. 2005));

see also Cleveland Demolition Co. v. Azcon Scrap Corp., 827 F.2d 984, 987 (4th Cir. 1987) ("If a routine evidentiary dispute, which occurs in virtually all trials, could justify an action for fraud on the court, then any losing party could bring an independent action to set aside the verdict, forcing extended proceedings in almost every case," thereby "seriously undermin[ing] the principle of finality.").

## CONCLUSION

As set forth above, Petitioner's 60(b) motion (Doc. 243) is hereby **DENIED,** and the Government's motion to dismiss (Doc. 256) is **GRANTED**.

**DONE and ORDERED** this 19th day of September, 2012.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE