# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| KENNEY LEE MATHESON, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO. 04-00226-CG-B |
| | ) | |
| v. | ) | |
| | ) | CRIM. ACTION NO. 02-00161-CG-M |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

This matter comes before the Court on pro se Petitioner Kenney Lee Matheson's filing styled as a "Motion of Error." (Doc. 259) This is Petitioner's fifth attempt to set aside his conviction. See Doc. 102 (first § 2255 motion); Doc. 213 (motion seeking relief under Rule 60(b)(6)); Doc. 231 (motion filed pursuant to Rule 60(b)(6)); Doc. 243 (motion challenging a defect in the integrity of the federal proceedings of adjudicating Petitioner's § 2255 challenge of the conspiracy).

Petitioner's motion raises two complaints: (1) his conviction was in error because the lone co-conspirator's testimony failed to prove that Petitioner engaged in a conspiracy (Doc. 259 at 1-2), and (2) the government relied on an incorrect statement of fact in the presentence report that implicated Petitioner in the conspiracy (Id. at 3). However, Matheson has already argued these claims in prior motions. (See Doc. 103; Doc. 213 at 6; Doc. 231 at 4-6; Doc. 243 at 2-4). He previously sought a certificate of appealability as to these issues, which the Eleventh Circuit denied. (Docs. 140, 218). Under 28 U.S.C. § 2255(h), this Court

1

lacks jurisdiction to consider a second or successive habeas motion absent authorization from the Eleventh Circuit Court of Appeals. The Court warned Petitioner of this fact just two months ago. See Doc. 258 at 3. Petitioner cannot evade the requirement by assigning a different label to what is essentially a second or successive motion.

Because Petitioner has not obtained an order from the Eleventh Circuit authorizing this Court to consider his successive § 2255 motion, it is **ORDERED** that Petitioner's Motion of Error (Doc. 259) is **DISMISSED** for lack of jurisdiction.[1] See Williams v. Chatman, 510 F.3d 1290, 1295 (11th Cir. 2007). A certificate of appealability and leave to appeal in forma pauperis are **DENIED**.

**DONE and ORDERED** this 8th day of November, 2012.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

---

[1] Any further successive § 2255 motions filed without the requisite permission will be met with sanctions. Shivers v. United States, 427 F. App'x 697, 700 (11th Cir. 2011); Burgess v. United States, 2011 WL 1398482, at *2 (S.D. Ga. Mar. 31, 2011); see also Procup v. Strickland, 792 F.2d 1069, 1071, 1073-74 (11th Cir. 1986).